UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Eastern District of Kentucky
F I L E D
JUL - 2 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CIVIL ACTION NO. 17-134-HRW**

**CLIFFORD NEW,**                                                 **PLAINTIFF,**

v.            **MEMORANDUM OPINION AND ORDER**

**RUSH TRUCK LEASING,**
**MIAMI PRODUCTS AND CHEMICAL CO.,**
**and**
**ROBERT WATKINS,**                                   **DEFENDANTS.**

This matter is before the Court upon Defendants' Motion to Exclude Plaintiff's Expert Evidence Or In The Alternative Motion to Extend All Deadlines [Docket No. 12]. The matter has been fully briefed by the parties [Docket Nos. 15 and 16]. For the reasons set forth herein, the Court finds the motion to be well taken and will sustain the same.

**I.**

This diversity case involves a car accident which occurred on May 11, 2015 on US 23 in Prestonsburg, Kentucky. According to the Complaint, Plaintiff Clifford New was traveling southbound and, at some point, collided with a vehicle being driven by Robert Watkins and owned by Rush Truck Leasing and Miami Products and Chemical Company [Complaint, Docket No. 1, ¶¶ 8-11]. New filed this lawsuit, originally in Lawrence Circuit Court, alleging negligence and seeking compensatory damages for past and future medical expenses, property damage and pain and suffering. *Id.*

The case was subsequently removed to this Court. The undersigned entered a Scheduling Order which directed Plaintiff to disclose his expert witnesses no later than May 1, 2018 and for

Defendants to do the same no later than June 1, 2018 [Docket No. 10, ¶ 2].

Plaintiff has not identified any expert witness and the deadline for which to do so has passed. Defendants seek entry of an Order excluding any expert witness Plaintiff may call, or, in the alternative, extending the expert witness disclosure deadlines for both parties. In their motion, Defendants also allege that Plaintiff has failed to appear for two IME appointments, scheduled for May 11, 2018 and May 17, 2018 with Rick Lyon, M.D., an orthopedic surgeon in Frankfort, Kentucky.

In his response to Defendants' motion, Plaintiff states that a he does not intend to call retained experts in this case, but, instead will rely upon the testimony of his treating physicians. Plaintiff also states that he does object to extending the expert disclosure deadline. With regard to the IME, Plaintiff does not appear to object to the manner or scope of the examination, but to the location of it.

## II.

It is axiomatic that Courts have broad discretion to manage discovery. *See e.g. In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) and *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010).

Although Defendants have not specifically invoked it, Fed.R.Civ. Proc. 35 governs IMEs. A party seeking an order for a Rule 35 IME must show (1) that the plaintiff has put her physical or mental condition "in controversy," and (2) that there is "good cause" for the IME. *Schlagenhauf v. Holder*, 379 U.S. 104, 117-18 (1964). Rule 35 provides that a court order requiring a party to submit to an IME must specify the "location" for the examination, but the Rule does not provide guidance for determining the appropriate location. *See* Fed. R. Civ. P.

2

35(a)(2)(B). Courts have interpreted Rule 35 to give them broad discretion in determining the details of the IME, such as location. *Id.* at 114-15 (Rule 35 is "to be accorded broad and liberal treatment, to effectuate the purpose [of the rules of civil procedure] that civil trials in the federal courts no longer need be carried on in the dark." ).

There is a dearth of caselaw from this district or from the Court of Appeals for the Sixth Circuit regarding the factors to consider in determining the location of an IME. Yet, cases from other circuits reveal that common sense and a balancing approach are the guiding principles. While nonbinding upon this Court, the cases are nonetheless instructive as to the various factors that courts typically consider and weigh in determining the location of an IME. One such factor is the location of the physician of choice. Although the moving party does not have an absolute right to compel the examiner of its choice, absent valid objections to the selection, the movant usually is entitled to the physician of choice. See *DeNeui v. Wellman*, No. CIV. 07-4172, 2008 WL 4065816, at *3 (D.S.D. Aug. 27, 2008) and *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa. 1990). Thus, that the requested IME is outside of the judicial district in which the case is pending, by itself, does not render the request unreasonable. *DeNeui*, 2008 WL 4065816, at *4-5. *See also, Reed v. Marley*, 321 S.W.2d 193, 195 (Ark. 1959).

Other factors include the undue burden or hardship on the plaintiff based on the plaintiff's medical conditions, the amount and time of travel that the plaintiff has been willing to undertake on his or her own while burdened with the physical conditions, the specific evidence from the plaintiff's doctor of the harm that would result from the travel to the IME, and the specific medical expertise needed that is not available locally. *See Mansel v. Celebrity Coaches of America, Inc.*, 2013 WL 6844720 at *2 (finding the plaintiffs must travel from their home in

3

Texas to Las Vegas where their case is pending for their IMEs because the plaintiffs failed to establish by sufficient medical specificity that they would be harmed by the travel); *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 400 (S.D. Tex. 2013). (requiring plaintiff to travel approximately 100 miles within the judicial district over the plaintiff's objection because the plaintiff failed to provide any rationale as to why travel to the proposed location would cause undue burden or hardship); *Page v. Hertz Corp.*, No. CIV 09-5098, 2011 WL 5553489, at *7 (D.S.D. Nov. 15, 2011) (finding not unreasonable to require plaintiff to travel from Canada to Colorado for the IME given the distances plaintiff has voluntarily traveled while burdened with the same physical condition) and *Plaintiff B v. Francis*, No. 5:08CV79, 2009 WL 1360853, at *2 (N.D. Fla. May 12, 2009) (finding that defendants failed to show good cause for the IME to be performed outside of the judicial district by not arguing or showing that the chosen psychiatrist had a special expertise that could not be found locally).

The caselaw favors placing the burden upon the plaintiff to demonstrate that traveling to the examination poses an undue burden or hardship. *See Mansel*, 2013 WL 6844720, at *2 and *Ornelas*, 292 F.R.D. at 400.

### III.

At the outset, the Court notes that Plaintiff does not dispute that Defendant is entitled to an IME. Rather, his sole objection is that Dr. Lyon's office, in Frankfort, is "too far" from his home in Louisa and traveling the approximately 140 miles would be "overly burdensome." [Plaintiff's Response, Docket No. 15, pg. 2]. Absent from Plaintiff's response is a specific reason that the journey from Louisa to Frankfort, and back, would be unduly burdensome. He has not cited a medical condition or other impediment. Nor has he suggested financial reasons

for objecting to the location of the IME. In fact, Defendants have indicated that reimbursement for costs associated with the trip can be addressed.

Simply stating that the IME is "too far" is not sufficient to outweigh the Defendants' rights under Rule 35, particularly given the IME is to be conducted within the same district that Plaintiff filed his lawsuit.

Defendants, on the other hand, maintain that Dr. Lyon is uniquely qualified to conduct the IME. They explain that the number of physicians in the Eastern District of Kentucky qualified to conduct an orthopedic IME is scarce. Defendants further point out that of the two orthopedic surgeons in the Ashland area, closer to Louisa, one has retired from practice and the other is not a physician with whom Defendants' counsel has consulted in over a decade. According to Defendants, most IMEs of this nature are conducted in Lexington, Cincinnati or Louisville, which are markedly further from Louisa than Frankfort.

The Court finds Defendants' argument persuasive. Without a particular reason provided by Plaintiff as to why an IME with Dr. Lyon is unduly burdensome, the Court is inclined to permit the examination.

## IV.

Although Plaintiff is the master of his Complaint, having put his medical condition at issue, the Federal Rules bestow upon Defendants certain tools, such as an IME, which are a "powerful instrument for ascertaining the truth." However, Rule 35 balances the search for facts with countervailing concerns such as personal dignity and undue burdens. *See* 8 *Federal Practice & Procedure*, § 2231, pg. 665 (1970). In this case, an IME by Dr. Lyon is within the bounds of proper, relevant discovery.

Accordingly, **IT IS HEREBY ORDERED:**

(1) Defendants' Motion to Exclude Plaintiff's Expert Evidence Or In The Alternative Motion to Extend All Deadlines [Docket No. 12] be **SUSTAINED** in so far as it seeks an extension of expert disclosure deadlines and **OVERRULED** as it pertains to excluding Plaintiff's experts;

(2) That Plaintiff submit to an IME to be performed by Dr. Lyons at his office in Frankfort, Kentucky; and

(3) The parties are to file a Joint Motion proposing new deadlines for expert disclosures.

This 2nd day of July, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**